UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**CURCIO MIRZAIAN SIROT LLC**
5 Becker Farm Road, Suite 406
Roseland, New Jersey 07068
(973) 226-4534
Attorneys for Creditor, Signature Place at Garfield
Condominium  Association, Inc.

| In Re: | Case No.:   20-11130-VFP |
|---|---|
| KEVIN L. ALTAMIRANO, | Chapter 13 |
| | Hearing Date:  May 20, 2021 |
| | Honorable Vincent F. Papalia |

## LIMITED OBJECTION OF SIGNATURE PLACE AT GARFIELD CONDOMINIUM ASSOCIATION, INC. TO THE DEBTOR'S MOTION FOR SALE OF CERTAIN ASSETS OF DEBTOR

Curcio Mirzaian Sirot LLC, attorneys for the secured creditor, Signature Place at Garfield

Condominium Association, Inc. ("Association") hereby files this limited objection to the debtor,

Kevin L. Altamirano's ("Debtor") motion for sale of certain assets of debtor (the "Motion") for

the following reasons:

1.  The Association is a secured creditor of the Debtor as a result of the filing of a Claim

of Lien that was recorded on December 4, 2019 in the amount of $2,752.25 with the

Bergen County Clerk's Office. See **Exhibit A** attached hereto.

2.  The Association filed a Proof of Claim on March 16, 2020, which included the

secured amount of $2,752.25 in addition to an unsecured amount of $1,311.45 that

was owed for the Debtor's pre-petition balance to the Association. See **Exhibit B** attached hereto.

3.  The Debtor failed to pay any amounts toward his post-petition balance and a letter was sent to his attorney advising of same on May 7, 2020. See **Exhibit C** attached hereto.

4.  Because the Debtor failed to cure his post-petition balance arrears, our office filed a Motion to Lift Automatic Stay of Real Property on July 13, 2020 on behalf of the Association.

5.  The Debtor's attorney filed an Updated Chapter 13 Plan on October 30, 2020 that listed the Association as a Secured Claim in the amount of $2,752.25.

6.  The Order granting the Association's Motion to Lift Automatic Stay of Real Property was granted by the Honorable Vincent F. Papalia on December 8, 2020. See **Exhibit D** attached hereto.

7.  Thereafter, the Debtor's attorney contacted our office to request a payoff letter in order to proceed with the short sale of the property and same was provided on February 22, 2021. See **Exhibit E** attached hereto. In the payoff letter, the Debtor's attorney was advised that the Debtor owed the Association the amount of $13,051.35 as of February 17, 2021. The payoff letter further noted that the Debtor's attorney was to contact the Association directly for a closing statement once a closing date was scheduled.

8.  The proposed form of Order submitted with the Debtor's Notice of Motion for Sale of Certain Assets of Debtor provides that, "The property is being sold free and clear to the liens of Garfield Condominium Association." The Association will receive

2

$1,500.00 from the proceeds." See Proposed Order Authorizing Sale of Real Property, Paragraph 10.

9.  The Association objects to the Motion unless the Order is revised to provide that the Association's lien in the amount of $2,752.25 shall be attached to the proceeds of sale and that the Association's lien shall be paid in full at closing.

10. Furthermore, the Association objects to the Motion unless the Order is additionally revised to provide that the Association is paid the full amount presently due to the Association, as the Debtor has failed to pay and, therefore, owes his entire post-petition assessments due on the property. Moreover, the Association's Motion to Lift Automatic Stay of Real Property was granted by the Honorable Vincent F. Papalia on December 8, 2020 as a result of the Debtor's large outstanding balance due to the Association.

11. In the event the Order contains language with respect to the Association as set forth above, the Association has no further objection to the sale of the Property.

For the foregoing reasons, the Association objects to the Debtor's Motion unless the specific conditions set forth herein are satisfied, as entry of the proposed Order as written would violate Section 363(f) of the Bankruptcy Code.

**CURCIO MIRZAIAN SIROT LLC**

Date:    ___May 14, 2021_____

/s/ Jeffrey A. Sirot
Jeffrey A. Sirot
Attorneys for Creditor,
Signature Place at Garfield
Condominium Association, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

CURCIO MIRZAIAN SIROT LLC
5 Becker Farm Road, Suite 406
Roseland, New Jersey 07068
(973) 226-4534
Attorneys for Creditor, Signature Place at
Garfield Condominium Association, Inc.

In Re:

KEVIN L. ALTAMIRANO,

| | |
|---|---|
| Case No.: | 20-11130-VFP |
| Chapter: | 13 |
| Adv. No.: | |
| Hearing Date: | May 20, 2021 |
| Judge: | Vincent F. Papalia |

### CERTIFICATION OF SERVICE

1. I, _____Nicholas M. Ianos_____ :

   ☐ represent _____ in this matter.

   ☒ am the secretary/paralegal for ___Curcio Mirzaian Sirot LLC___, who represents
   ___Signature Place at Garfield___ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On _____May 14, 2021_____, I sent a copy of the following pleadings and/or documents
   to the parties listed in the chart below.

   Limited Objection of Signature Place at Garfield Condominium Association, Inc. to the
   Debtor's Motion for Sale of Certain Assets of Debtor

3. I certify under penalty of perjury that the above documents were sent using the mode of service
   indicated.

Date: ___May 14, 2021___

_____
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Robert C. Nisenson<br>Robert C. Nisenson, LLC<br>10 Auer Court<br>Suite E<br>East Brunswick, NJ 08816 | Attorney for Debtor | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other Electronically<br><small>(As authorized by the Court or by rule. Cite the rule if applicable.)</small> |
| Marie-Ann Greenberg<br>Chapter 13 Standing Trustee<br>30 Two Bridges Road<br>Suite 330<br>Fairfield, NJ 07004 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other Electronically<br><small>(As authorized by the Court or by rule. Cite the rule if applicable.)</small> |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other Electronically<br><small>(As authorized by the Court or by rule. Cite the rule if applicable.)</small> |
| Kevin L. Altamirano<br>1555 Lexington Avenue<br>New York, NY 10029 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☒ Certified mail/RR<br>☐ Other _____<br><small>(As authorized by the Court or by rule. Cite the rule if applicable.)</small> |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br><small>(As authorized by the Court or by rule. Cite the rule if applicable.)</small> |

# Exhibit A

3

9 ♪

3
53

| Bergen County Recording Data Page<br>Honorable John S. Hogan<br>Bergen County Clerk  | Official Use Only - Barcode |
|---|---|
| | ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>19-084246    Mortgage<br>V Bk: 03428 Pg: 1058-1061    Rec. Fee $53.00<br>John S. Hogan, Bergen County Clerk<br>Recorded 12/04/2019  02:14:38 PM |

| Official Use Only – Realty Transfer Fee |
|---|
| |

| Date of Document:<br><br>11/12/2019 | Type of Document:<br>Claim of Lien |
|---|---|
| First Party Name:<br>Signature Place at Garfield Condominium Association, Inc. | Second Party Name:<br>Kevin Louis Altamirano |

| Additional Parties: |
|---|
| |

| THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY | |
|---|---|
| Block: | Lot: |
| Municipality: | |
| Consideration: | |
| Mailing Address of Grantee: | |

| THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGE INFORMATION FOR ASSIGNMENTS,<br>RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY | |
|---|---|
| Original Book: | Original Page: |

| BERGEN COUNTY RECORDING DATA PAGE<br>Please do not detach this page from the original document as it<br>contains important recording information and is part of the permanent record. |
|---|

## CLAIM OF LIEN

Signature Place at Garfield Condominium Association, Inc., a New Jersey Nonprofit Corporation ("Association"), with an address at c/o Cedarcrest Property Management, 91 Clinton Road, Suite 2D, Fairfield, New Jersey 07004, hereby claims a lien for unpaid assessments, charges and expenses in accordance with the terms of the Master Deed for Signature Place at Garfield by Centex, a Condominium and By-Laws (collectively the "Governing Documents") recorded in the Bergen County Clerk's office on March 31, 2011, in V-Deed Book 00711 at Page 0755 et seq., as the same may be lawfully amended, against the Owner(s) below ("Owner").

1.     UNIT OWNER.  The record Owner of the property against which this claim is being made is **Kevin Louis Altamirano**, whose address is 5 Dahlia Lane, Garfield, New Jersey 07026.

2.     DESCRIPTION OF PROPERTY:   The property against which this Lien is asserted is known as Lot No. 50.02 C0303, Block No. 203.01 on the Tax Map of the City of Garfield, and commonly known as **5 Dahlia Lane, Garfield, New Jersey 07026.**  The deed to the property dated June 30, 2015 was recorded on July 29, 2015, in the Office of the Bergen County Clerk in Deed V-Book 2008 at Page 1499, et seq.

3.     AMOUNT DUE.  Pursuant to the Governing Documents of the Association, the total amount of the unpaid assessments, charges and expenses due to the Association as of **October 25, 2019,** including reasonable attorneys' fees and costs is **$2,752.25** which amount includes acceleration through the end of the Association's fiscal year, December 31, 2019.

4.     FUTURE ASSESSMENTS.  The Claim shall also extend to any and all future unpaid assessments, expenses and special charges, fines, interest, fees and costs to the extent permitted by law.

Signature Place at Garfield Condominium
Association, Inc., a New Jersey Nonprofit
Corporation

Date: _November 12th_,2019     BY: _Philip Rutigliano - President_
                                  Name and Title

                                  _Philip Rutigliano_
                                  Signature

Prepared By:

_Ellen M. Goodman_
Ellen M. Goodman, Esq.

1

ACKNOWLEDGMENT

STATE OF NEW JERSEY    ):

COUNTY OF BERGEN      ):

I certify that on *November 12ᵗʰ*, 2019, *Philip Patriciano* personally appeared before me and this person acknowledged under oath, to my satisfaction, that:

a.    This person is the *President* of Signature Place at Garfield Condominium Association, Inc., the Corporation named as the Association in this document; and

b.    This document was signed, sealed and delivered on behalf of the Association as its voluntary acts and as duly authorized by its Board of Trustees.

_____

**THOMAS A. CHILENSKI**
NOTARY PUBLIC, STATE OF NEW JERSEY
COMMISSION ID # 2311948
*Exp. 4/15/19*

RECORD AND RETURN TO:

Ellen M. Goodman, Esq.
Curcio Mirzaian Sirot LLC
5 Becker Farm Road, Suite 406
Roseland, NJ 07068

2

# Exhibit B

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | District of New Jersey | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br><br>Kevin L. Altamirano | Case Number:<br><br>20-11130-VFP | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Signature Place at Garfield Condominium Association, Inc., a New Jersey nonprofit corporation

**COURT USE ONLY**

| Name and address where notices should be sent:<br>c/o Curcio Mirzaian Sirot LLC<br>5 Becker Farm Road, Suote 406<br>Roseland, NJ 07068<br><br>Telephone number: (973) 226-4534     email: inbox@cmsllc.law | ❏ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(If known)<br><br>Filed on:_____ |
|---|---|
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:          email: | ❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**     $_____4,063.70

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** __Condominium Association Assessments__
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br><br>_____<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑Real Estate  ❏ Motor Vehicle  ❏ Other
Describe: Condominium Lien

Value of Property: $_____

Annual Interest Rate_____% ❏Fixed  or ❏Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
                                        $_____

Basis for perfection: _____

Amount of Secured Claim:  $_____2,752.25

Amount Unsecured:       $_____1,311.45

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5) | |
|---|---|---|---|
| ❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | Amount entitled to priority:<br><br>$_____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                                    2

7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:**  (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                  or their authorized agent.                 (See Bankruptcy Rule 3005.)
                                                                  (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Karen Wachs, Esq.
Title:   Counsel
Company:   Signature Place at Garfield Condominium    /s/ Karen Wachs                        03/16/2020
Address and telephone number (if different from notice address above):    (Signature)                      (Date)
   c/o Curcio Mirzaian Sirot LLC
   5 Becker Farm Road, Suite 406, Roseland, NJ

Telephone number: (973) 226-4534    email:  inbox@cmsllc.law
           *Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number.  If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.  You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured.  Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt.  You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence.  FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices.  If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)    3

_____**DEFINITIONS**_____     _____**INFORMATION**_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

*3*

*3*
*53*

*g8*



| Bergen County Recording Data Page<br>Honorable John S. Hogan<br>Bergen County Clerk | Official Use Only - Barcode |
|---|---|
| | 19-084246    Mortgage<br>V Bk: 03428 Pg: 1058-1061   Rec. Fee $53.00<br>John S. Hogan, Bergen County Clerk<br>Recorded 12/04/2019   02:14:38 PM |

**Official Use Only – Realty Transfer Fee**

| Date of Document:<br><br>11/12/2019 | Type of Document:<br><br>Claim of Lien |
|---|---|
| First Party Name:<br><br>Signature Place at Garfield Condominium<br>Association, Inc. | Second Party Name:<br><br>Kevin Louis Altamirano |

Additional Parties:

---

| THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY | |
|---|---|
| Block: | Lot: |
| Municipality: | |
| Consideration: | |
| Mailing Address of Grantee: | |

---

| THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGE INFORMATION FOR ASSIGNMENTS,<br>RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY | |
|---|---|
| Original Book: | Original Page: |

---

**BERGEN COUNTY RECORDING DATA PAGE**
Please do not detach this page from the original document as it
contains important recording information and is part of the permanent record.

## CLAIM OF LIEN

Signature Place at Garfield Condominium Association, Inc., a New Jersey Nonprofit Corporation ("Association"), with an address at c/o Cedarcrest Property Management, 91 Clinton Road, Suite 2D, Fairfield, New Jersey 07004, hereby claims a lien for unpaid assessments, charges and expenses in accordance with the terms of the Master Deed for Signature Place at Garfield by Centex, a Condominium and By-Laws (collectively the "Governing Documents") recorded in the Bergen County Clerk's office on March 31, 2011, in V-Deed Book 00711 at Page 0755 et seq., as the same may be lawfully amended, against the Owner(s) below ("Owner").

1.  **UNIT OWNER.**  The record Owner of the property against which this claim is being made is **Kevin Louis Altamirano**, whose address is 5 Dahlia Lane, Garfield, New Jersey 07026.

2.  **DESCRIPTION OF PROPERTY:**  The property against which this Lien is asserted is known as Lot No. 50.02 C0303, Block No. 203.01 on the Tax Map of the City of Garfield, and commonly known as **5 Dahlia Lane, Garfield, New Jersey 07026.**  The deed to the property dated June 30, 2015 was recorded on July 29, 2015, in the Office of the Bergen County Clerk in Deed V-Book 2008 at Page 1499, et seq.

3.  **AMOUNT DUE.**  Pursuant to the Governing Documents of the Association, the total amount of the unpaid assessments, charges and expenses due to the Association as of **October 25, 2019,** including reasonable attorneys' fees and costs is **$2,752.25** which amount includes acceleration through the end of the Association's fiscal year, December 31, 2019.

4.  **FUTURE ASSESSMENTS.**  The Claim shall also extend to any and all future unpaid assessments, expenses and special charges, fines, interest, fees and costs to the extent permitted by law.

Signature Place at Garfield Condominium
Association, Inc., a New Jersey Nonprofit
Corporation

Date: _November 18th_, 2019    BY: _Philip Rutigliano. President_
                                   Name and Title

                                   _Philip Rutigliano_
                                   Signature

Prepared By:

_Ellen M. Goodman_
Ellen M. Goodman, Esq.

1

<u>ACKNOWLEDGMENT</u>

STATE OF NEW JERSEY    ):

COUNTY OF BERGEN      ):

    I certify that on *November 12ᵗʰ*, 2019, *Philip Particurano* personally appeared before me and this person acknowledged under oath, to my satisfaction, that:

    a.    This person is the *President* of Signature Place at Garfield Condominium Association, Inc., the Corporation named as the Association in this document; and

    b.    This document was signed, sealed and delivered on behalf of the Association as its voluntary acts and as duly authorized by its Board of Trustees.

 

**THOMAS A. CHILENSKI**
NOTARY PUBLIC, STATE OF NEW JERSEY
COMMISSION ID # 2311948
*Exp. 4/15/19*

RECORD AND RETURN TO:

Ellen M. Goodman, Esq.
Curcio Mirzaian Sirot LLC
5 Becker Farm Road, Suite 406
Roseland, NJ 07068

2

SIGNATURE PLACE AT GARFIELD CONDO.ASSOC. INC.
FINANCIAL TRANSACTIONS – 03/02/20

5 DAHLIA LANE                          Unit ID: DAHLIA05
Kevin Altamirano                       STATUS:
                                       PREPAID BAL:      0.00

| TXN DATE | PAYMT AMT | CHECK # | DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE DUE |
|------|------|------|------|------|------|------|------|------|
| 111918 | 355.30 | 12467277 | 111918 | A1 | | ASSESSMENT | (330.25) | (0.05) |
| 111918 | | | | 01 | | Late Fees | (25.00) | |
| 111918 | | | | PP | | Credit-Prepaid | (0.05) | |
| 120118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 335.25 |
| 120118 | | APPLY PREPAYMNT | | A1 | | ASSESSMENT | (0.05) | 335.25 |
| 120618 | 335.30 | 12565410 | 120618 | A1 | | ASSESSMENT | (335.25) | (0.05) |
| 120618 | | | | PP | | Credit-Prepaid | (0.05) | |
| 010119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 335.25 |
| 010119 | | APPLY PREPAYMNT | | A1 | | ASSESSMENT | (0.05) | 335.25 |
| 010419 | 335.30 | 12732983 | 010419 | A1 | | ASSESSMENT | (335.25) | (0.05) |
| 010419 | | | | PP | | Credit-Prepaid | (0.05) | |
| 020119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 335.25 |
| 020119 | | APPLY PREPAYMNT | | A1 | | ASSESSMENT | (0.05) | 335.25 |
| 020419 | 335.30 | 12888058 | 020519 | A1 | | ASSESSMENT | (335.25) | (0.05) |
| 020419 | | | | PP | | Credit-Prepaid | (0.05) | |
| 030119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 335.25 |
| 030119 | | APPLY PREPAYMNT | | A1 | | ASSESSMENT | (0.05) | 335.25 |
| 030419 | 335.30 | 13033714 | 030419 | A1 | | ASSESSMENT | (335.25) | (0.05) |
| 030419 | | | | PP | | Credit-Prepaid | (0.05) | |
| 040119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 335.25 |
| 040119 | | APPLY PREPAYMNT | | A1 | | ASSESSMENT | (0.05) | 335.25 |
| 040319 | 335.30 | 13196785 | 040319 | A1 | | ASSESSMENT | (335.25) | (0.05) |
| 040319 | | | | PP | | Credit-Prepaid | (0.05) | |
| 050119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 335.25 |
| 050119 | | APPLY PREPAYMNT | | A1 | | ASSESSMENT | (0.05) | 335.25 |
| 051319 | | APPLY LATE FEE | | 01 | | Late Fees | 25.00 | 360.25 |
| 060119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 695.55 |
| 061419 | | APPLY LATE FEE | | 01 | | Late Fees | 25.00 | 720.55 |
| 070119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 1055.85 |
| 070819 | 335.30 | 13662116 | 070819 | A1 | | ASSESSMENT | (335.30) | 720.55 |
| 080119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 1055.85 |
| 080619 | 335.30 | 13809690 | 080619 | A1 | | ASSESSMENT | (335.30) | 720.55 |
| 090119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 1055.85 |
| 091119 | | APPLY LATE FEE | | 01 | | Late Fees | 25.00 | 1080.85 |

5

SIGNATURE PLACE AT GARFIELD CONDO.ASSOC. INC.
FINANCIAL TRANSACTIONS - 03/02/20

5 DAHLIA LANE                          Unit ID: DAHLIA05
Kevin Altamirano                       STATUS:
                                       PREPAID BAL:    0.00

| TXN DATE | PAYMT AMT | CHECK # | DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE DUE |
|---|---|---|---|---|---|---|---|---|
| 100119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 1416.15 |
| 101119 | | APPLY LATE FEE | | 01 | | Late Fees | 25.00 | 1441.15 |
| 103019 | | EXPENSE ADJ | | 05 | | Legal Expense | 156.30 | 1597.45 |
| 103019 | Inv #20966 | | | | | | | |
| 110119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 1932.75 |
| 111219 | | APPLY LATE FEE | | 01 | | Late Fees | 25.00 | 1957.75 |
| 120119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 2293.05 |
| 121119 | | APPLY LATE FEE | | 01 | | Late Fees | 25.00 | 2318.05 |
| 121919 | | EXPENSE ADJ | | 05 | | Legal Expense | 431.70 | 2749.75 |
| 121919 | Inv #21367 | | | | | | | |
| 123119 | | EXPENSE ADJ | | 05 | | Legal Expense | 108.05 | 2857.80 |
| 123119 | Inv #21906 | | | | | | | |
| 010120 | | APPLY CHARGES | | A1 | | ASSESSMENT | 335.30 | 3193.10 |
| 011420 | | APPLY LATE FEE | | 01 | | Late Fees | 25.00 | 3218.10 |

-- End of report --



# CURCIO MIRZAIAN SIROT LLC

**ATTORNEYS AT LAW**

5 Becker Farm Road
Suite 406
Roseland, NJ 07068

T: 973.226.4534
F: 973.226.4535

| | |
|---|---|
| Invoice #: | 22286 |
| Invoice Date: | 01-15-2020 |

Signature Place at Garfield Condominium Association Inc.
c/o Cedarcrest Property Management
91 Clinton Road Suite 2D
Fairfield, New Jersey 07004

Matter Number:2153-018 - Signature Place - Altamirano, Kevin Louls (5 Dahlia)

## Services

| Date | Lawyer | Description | Hours | Amount |
|---|---|---|---|---|
| 12-16-19 | NI | Receipt/review signed green receipt to lender. | 0.10 | $15.00 |

Services Subtotal: $15.00

Total    $15.00

Payment is due upon receipt. Kindly make all amounts payable to: Curcio Mirzaian Sirot LLC



**CURCIO MIRZAIAN SIROT** LLC

ATTORNEYS AT LAW

5 Becker Farm Road
Suite 406
Roseland, NJ 07068

T: 973.226.4534
F: 973.226.4535

| | |
|---|---|
| Invoice #: | 22732 |
| Invoice Date: | 02-19-2020 |

Signature Place at Garfield Condominium Association Inc.
c/o Cedarcrest Property Management
91 Clinton Road Suite 2D
Fairfield, New Jersey 07004

Matter Number: 2153-018 - Signature Place - Altamirano, Kevin Louis (5 Dahlia)

### Services

| Date | Lawyer | Description | Hours | Amount |
|---|---|---|---|---|
| 01-03-20 | NI | Receipt/review updated balance; draft/prepare Notice to Accelerate; and review with E. Goodman regarding | 0.40 | $60.00 |
| 01-06-20 | EMG | Review and execute Notice to Accelerate; communications with N. Ianos regarding | 0.20 | $49.00 |
| 01-15-20 | NI | Communications with E. Goodman regarding | 0.20 | $30.00 |
| 01-15-20 | EMG | Communications with Management regarding pending sheriff sale and whether Claim of Lien was recorded; communications with N. Ianos regarding | 0.30 | $73.50 |
| 01-25-20 | EMG | Review of PACER regarding possible bankruptcy filing; communications with N. Ianos regarding | 0.20 | $49.00 |

Services Subtotal: $261.50

### Disbursements

| Date | Lawyer | Description | Hours | Amount |
|---|---|---|---|---|
| 01-06-20 | CMS | Postage - Notice to Accelerate | 1.00 | $7.20 |
| 01-25-20 | CMS | PACER | 1.00 | $0.40 |

Disbursements Subtotal: $7.60

| | Total | $269.10 |

Payment is due upon receipt. Kindly make all amounts payable to: Curcio Mirzaian Sirot LLC

Exhibit C



**CURCIO
MIRZAIAN
SIROT** LLC

ATTORNEYS AT LAW

5 Becker Farm Road
Suite 406
Roseland, NJ 07068

**T:** 973.826.7223
**F:** 973.226.4535

**www.cmsllc.law**

Leslie L/ Phiefer, Esq.
Email: inbox@cmsllc.law

May 7, 2020

**Via Certified Mail, R.R.R. & Regular Mail**
Mr. Robert C. Nisenson, Esq.
Robert C. Nisenson, LLC
10 Auer Court, Suite E
East Brunswick, NJ 08816

> **Creditor: Signature Place at Garfield Condominium Association, Inc.**
> **Your client: Kevin Louis Altamirano**
> **Property Address: 5 Dahlia Lane, Garfield, NJ**
> **Amount of Debt: $1,523.40**
> **Our File No.: 2153-018**

Dear Mr. Nisenson:

This firm is counsel to Signature Place at Garfield Condominium Association (the "Association"), which has referred your client's, Kevin Louis Altamirano, delinquent post-petition account to us for collection. Your client is responsible to pay his post-petition assessments each month to the Association. The monthly assessments are currently $335.30. The Association's records show that as of May 4, 2020, your client owes $1,523.40 to the Association.

**UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PORTION OF THE DEBT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY US OF A DISPUTE OF THE DEBT, OR ANY PORTION OF THE DEBT, WITHIN THAT SAME THIRTY (30) DAY PERIOD, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN THAT SAME THIRTY (30) DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.**

Payment should be made to Signature Place at Garfield Condominium Association, Inc., c/o Curcio Mirzaian Sirot LLC, at 5 Becker Farm Road, Suite 406, Roseland, New Jersey 07068. You can contact the undersigned in writing at the above address or you may call (973) 826-7223 or email at inbox@cmsllc.law.

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,

*Leslie L. Phiefer*

Leslie L. Phiefer

LLP/ni

7020 0090 0001 6528 7113

# Exhibit D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

CURCIO MIRZAIAN SIROT LLC
5 Becker Farm Road, Suite 406
Roseland, New Jersey 07068
(973) 226-4534
Attorneys for Creditor, Signature Place at Garfield
Condominium Association, Inc.

**Order Filed on December 8, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In Re: | Case No.: 20-11130-VFP |
| KEVIN L. ALTAMIRANO, | Hearing Date: August 6, 2020 |
| | Judge: Vincent F. Papalia |
| | Chapter: 13 |

Recommended Local Form:    ☐ Followed    ☐ Modified

# ORDER VACATING STAY

The relief set forth on the following page is hereby **ORDERED.**

**DATED: December 8, 2020**

Honorable Vincent F. Papalia
United States Bankruptcy Judge

Upon the motion of  Signature Place at Garfield Condominium Association, Inc.  , under

Bankruptcy Code section 362(a) for relief from the automatic stay as to certain property as

hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay is vacated to permit the movant to institute or resume

and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to

pursue the movant's rights in the following:

☒ Real property more fully described as:

5 Dahlia Lane
Garfield, NJ 07026

It is further ORDERED that the movant, its successors or assignees, may proceed with its

rights and remedies under the terms of the subject mortgage and pursue its state court remedies

including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing

other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or

deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or

purchaser's assignee) may take any legal action for enforcement of its right to possession of the

property.

☐ Personal property more fully described as:

It is further ORDERED that the movant may join the debtor and any trustee appointed in

this case as defendants in its action(s) irrespective of any conversion to any other chapter of the

Bankruptcy Code.

The movant shall serve this order on the debtor, any trustee and any other party who

entered an appearance on the motion.

rev. 12 16

2

# Exhibit E



**CURCIO
MIRZAIAN
SIROT** LLC

ATTORNEYS AT LAW

5 Becker Farm Road
Suite 406
Roseland, NJ 07068

**T:** 973.826.7223
**F:** 973.226.4535

**www.cmsllc.law**

Leslie L. Phiefer, Esq.
Email: inbox@cmsllc.law

February 22, 2021

**VIA ELECTRONIC MAIL ONLY
(DOREEN@RCN-LAW.COM)**

Robert C. Nisenson, Esq.
Law Office of Robert C. Nisenson
10 Auer Court
New Brunswick, NJ 08816

> Re: **Signature Place at Garfield Condominium Association, Inc. /
> Your client: Kevin L. Altamirano**
> **Property Address: 5 Dahlia Lane, Garfield, NJ**
> **Our File No: 2153-018**

Dear Mr. Nisenson:

As you are aware, this firm is counsel to Signature Place at Garfield Condominium Association, Inc. (the "Association") in reference to the above-captioned matter. In this regard and in response to your client's, Kevin L. Altamirano, request for a payoff of the amount due for the above-referenced unit, provided below is a breakdown of the amount due to the Association, which as of **February 17, 2021** is **$13,051.35.** Please be advised that the Association reserves the right to increase the total amount owed by any additional amounts that accrue after February 17, 2021. Your office must request the resale documents via Management in order to proceed with the short sale once the closing date is scheduled so that Management can provide the proper amounts due for the buyer which include but are not limited to the Working Capital Fee, etc.

Initial Credit Balance as of 04/03/2019............................................. ($     0.05)

Monthly Maintenance Fees from 05/01/2019 through
and including 02/01/2021 ($335.30 @ 22 months)............................... $ 7,376.60

Late Fees for 05/2019 – 06/2019; 09/2019 – 12/2020 ($25.00 @ 18 months) .... $   450.00

Legal Fees and Disbursements .......................................................... $ 4,277.20

Less Payments Received................................................................... ($ 670.60)

Subtotal............................................................................................. $11,433.15

Robert C. Nisenson, Esq.
February 22, 2021
Page 2 of 2

Legal Fees incurred but not yet posted to account............................ ............    $ 1,368.20

Estimated Fees to Discharge Claims of Lien.............................................    $    250.00

**Total Amount Due to the Association as of February 17, 2021** ......................    **$13,051.35***

*\*The Association reserves the right to increase the total amount owed by all additional amounts that accrue after February 17, 2021.*

       If payment is made to make the account current prior to a closing date being scheduled, the payment may be made to Signature Place at Garfield Condominium Association, Inc. c/o Curcio Mirzaian Sirot LLC at 5 Becker Farm Road, Suite 406, Roseland, New Jersey 07068.  Should you have any questions, please contact our office.

       **THIS LETTER AND ALL OTHER COMMUNICATIONS BY US ARE ATTEMPTS TO COLLECT THE DEBT DESCRIBED.    ANY INFORMATION OBTAINED WILLBE USED FOR THAT PURPOSE.**

Very truly yours,

Leslie L. Phiefer

LLP/ni